UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

NATHAN ANDREW BRYANT,

      Plaintiff,

v.                         **MEMORANDUM OF LAW & ORDER**
                            Civil File No. 07-4427 (MJD/AJB)

DEPARTMENT OF THE ARMY,

      Defendant.
_____

Nathan Andrew Bryant, pro se.

Lonnie F. Bryan, United States Attorney's Office, Counsel for Defendant.
_____

**I.    INTRODUCTION**

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint. [Docket No. 13] Plaintiff also recently filed a Motion for Default Judgment. [Docket No. 31] The Court heard oral argument on March 28, 2008. The Court also heard motions to dismiss in two related cases filed by Plaintiff at that time.

**II.    FACTUAL BACKGROUND**

1

On October 30, 2007, Plaintiff Nathan Andrew Bryant filed a Complaint against Defendant Department of the Army. Bryant's Complaint states:

> This is a civil action for money damages brought by the plaintiff against the Department of Army as a result of the Department of the Army not paying the plaintiff's school loans, and bonus awarded to[] the plaintiff by the United States Army in the plaintiff's federal, active duty, United States Army serviceman's contract.

(Compl. ¶ 1.) Bryant asserts that this action is brought under his "civil rights under the US Code Collection, Breach of Contract, and Anticipatory Repudiation." (Id. ¶ 2.) The Complaint alleges three counts. Count 1, entitled "Breach of Contract: Title 10, USC, Section 503; USAREC Form 1232," is based on Bryant's claim that the Army, through its Loan Repayment Program, promised to pay off 1/3 of his $16,000 in loans, that he completed his obligation to the Army, and the Army coerced him into accepting a Chapter 10 discharge and has not paid the loans. Count 2, entitled "Breach of Contract: Anticipatory Repudiation," is based on the claim that the Army never intended to fulfill its obligation to pay Bryant's enlistment bonus of $11,000, and, instead, has only paid him $10,000. He asserts that, because he completed Basic Training and was coerced into accepting a Chapter 10 discharge, the Army still owes him $1,000. Count 3,

entitled "Department of Defense: Inspector General, Negligence," is based on the allegation that Bryant has experienced mental suffering because Defendant has failed to repay his loans and pay his bonus due, and because Bryant has had to file this lawsuit in order to collect the money.

In his Complaint, Bryant seeks an award of compensatory and special damages in excess of $30,000. In his response, Bryant reduces his damages to $9,999.

Attached to his Complaint, Bryant has attached a number of exhibits related to his enlistment in the Army, including his Statement for Enlistment, which includes clauses addressing the Loan Repayment Program and cash bonus program. Defendant submits the Administrative Record ("A.R.") in this matter.

On August 2, 2006, Bryan enlisted in the Army for 3 years and 17 weeks. At enlistment, Bryant elected two incentive programs: a cash Special Enlistment Bonus ("SEB") and a Loan Repayment Program ("LRP").

The SEB was for $11,000 and was contingent upon completion of Bryant's 3 year 17 week term of enlistment. According to an Army Instruction, published in the Military Personnel message for enlistment bonus programs on January 18, 2006,

3

> Initial payment of the total bonus may not exceed $10,000 upon completion of MOS [military occupational speciality] training and arrival at first duty station. The remaining bonus amount will be paid in annual increments. Applicants not completing their initial term of service in the incentivised MOS will refund any unearned portion of the enlistment bonus . . .

(Army Ex. A.)

In January 2007, after arriving at his first duty station, Plaintiff receive a partial payment of the SEB for $10,000. The Army LRP is an educational incentive program that repays a portion of the principal on specific types of student loans. Bryant's enlistment incentive stated that "[r]epayment will be made only after each successful year of active duty." (Statement for Enlistment, A.R. 32 ¶ 2h.) Bryant was required to contact the Education Incentives and Counseling Branch ("EICB") and provide the creditor information for payment.

Beginning in August, Bryant attended basic training. In December 2006, he was stationed in Baumholder, Germany. While stationed in Baumholder, Bryant was accused of various acts of disobedience and was subject to a variety of disciplinary measures.

In August 2007, Bryant was placed in pretrial confinement pending initiation of a court martial. On August 27, Bryant submitted a request to be

discharged from the Army with an other than honorable discharge in lieu of the court-martial, which is referred to as a Chapter 10 discharge. Bryant's request states that it was prepared with the assistance of an attorney and was voluntary. The Commanding General approved the request and Bryant was reduced to the rank of E-1 and received an other than honorable discharge on September 21, 2007.

After Bryant's discharge, the Army attempted to recoup part of the $10,000 payment for the time he did not serve. The Army attempted to recoup $5,824.08, but only obtained $251.88. The Army has not made payments on Bryant's loans.

## III. DISCUSSION

### A. Standard

Defendant asserts that this case should dismissed for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Plaintiff bears the burden of establishing the Court's subject matter jurisdiction. Jones v. Gale, 470 F.3d 1261, 1265 (8th Cir. 2006).

> In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments. In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if

the plaintiff fails to allege an element necessary for subject matter jurisdiction.

Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citations omitted).  "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards."  Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citations omitted).

In this Order, the documents upon which the Court has based its decision are either attached to Bryant's Complaint or necessarily embraced by that Complaint.  In any case, a factual challenge to jurisdiction is permissible, as previously explained.

### B. Non-Tort Claims

#### 1. Interpretation of Bryant's Claims

It is settled law that military enlistment agreements do not give rise to contractual rights.  Sonnenfeld v. United States, 62 Fed. Cl. 336, 338-39 (Fed. Cl. 2004).  Instead, the "soldier's entitlement to pay is dependent upon a statutory right."  Id. at 338 (citation omitted).  Thus, this Court has no jurisdiction to address Bryant's alleged contractual claims.

Additionally, 10 U.S.C. § 503, the statute ordering the military to conduct

recruitment campaigns, listed in Count 1, does not waive sovereign immunity.

> Sovereign immunity protects the United States from being sued unless Congress has expressly waived the government's immunity. A district court lacks jurisdiction to hear a case against the United States unless its sovereign immunity has been waived, and the court's jurisdiction is limited by the scope of the waiver. [A] waiver of the government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign. Once consent has been expressly provided and its scope defined, however, the waiver of immunity is liberally construed within the parameters of the consent.

Kaffenberger v. United States, 314 F.3d 944, 950 (8th Cir. 2003) (citations omitted).

However, Defendant liberally construes Bryant's Complaint to attempt to state claims under the Tucker Act, and, in Bryant's response, he affirms that he seeking relief under the Tucker Act.

### 2.  The Tucker Act

The Tucker Act grants a waiver of the Government's sovereign immunity. 28 U.S.C. § 1491. Defendant notes that Bryant could arguably use the Tucker Act to support a claim under the Military Pay and Allowances Act, 37 U.S.C. § 308.

In its moving papers, Defendant asserts that Bryant's non-tort claims, Counts 1 and 2, must be dismissed because they exceed $30,000 and, under the Tucker Act, 28 U.S.C. § 1491, the Court of Federal Claims has exclusive

jurisdiction over such claims. 28 U.S.C. § 1346(a)(2).

In his response, Bryant reduces his claim to $9,999 and asks that this Court address his Tucker Act claim. By reducing his claim to $10,000 or less, Bryant attempts to assert a claim under the Little Tucker Act, 28 U.S.C. § 1346(a)(2). This Court does have concurrent jurisdiction for Little Tucker Act claims. Id.

Because Bryant has sought to amend his Complaint to reduce his Tucker Act claim, the Court will not extensively addressed Defendant's Tucker Act argument, beyond noting that it does not have jurisdiction to entertain a Tucker At claim for $30,000. The Court now addresses its jurisdiction in light of Bryant's reduced damages claim.

### 3. Failure to Exhaust Administrative Remedies

#### a. SEB

The Government has paid $10,000 of the $11,000 SEB. Defendant is not required to pay the remaining installments when the service member's discharge is voluntary or due to misconduct. In this case, as the record now stands, Bryant voluntarily submitted to discharge in lieu of a court martial. In that case, the Government is not required to pay the last $1,000, and, in fact, can recoup the unearned portion of the SEB from Bryant.

In order to be entitled to collect any SEB money from Defendant, Bryant would need a change in his discharge status.  Before the Court can review the merits of a claim to correct a plaintiff's military records or reinstate his eligibility for retirement benefits, the plaintiff must exhaust his administrative remedies by appealing to the appropriate Army Review Board, such as the Army Board for the Correction of Military Records ("ABCMR").  Watson v. Ark. Nat'l Guard, 886 F.2d 1004, 1008 (8th Cir. 1989).  If the plaintiff has not exhausted his administrative remedies before the ABCMR, the Court must dismiss his case without prejudice.  Id.

The ABCMR can determine if an error or injustice occurred requiring a correction to Bryant's military records.  10 U.S.C. § 1552.  Incident to an order that his discharge should changed, the ABCMR can also award him compensation, including the remainder of his SEB.  10 U.S.C. § 1552(c); 32 C.F.R. § 581.3.

The Court must dismiss Bryant's claim for SEB payments for lack of subject matter jurisdiction based on failure to exhaust administrative remedies.

### b.   LRP Claim

Repayment of loans under the LRP is made on the basis of each complete year of service performed by the borrower.  10 U.S.C. § 2171(a)(1).  Therefore,

based on Bryant's current military status, he is not currently entitled to payments under the LRP beyond one year. Defendant also asserts that Bryant's LRP claim for payment based on one year of service is premature because Bryant has not contacted the EICB to inform them of the identity of his creditors or of the amount of principal owed on his loans for his one year of service.

The only way for Bryant to receive repayment for time that he did not serve would be if the ABCMR, or other appropriate Army Review Board, corrected Bryant's military records. Bryant must first submit his wrongful discharge claim to the appropriate Army Review Board and, if the Board determines that an error or injustice occurred with his discharge, it could change his discharge and award him compensation, including the repayment of his loans for the remaining two years on his enlistment contract. For the reasons previously explained, this Court is without jurisdiction to review the propriety of Bryant's discharge unless he first exhausts his administrative remedies before the appropriate Army Review Board. Therefore, the Court is without jurisdiction to decide Bryant's claim for LRP payments.

With regard to the payment under the first year of the LRP, Bryant has not made a separate claim for that year, but rather, submits one consolidated LRP

claim. Because Bryant's claim for payment under the LRP is based on his allegation that he was coerced into accepting a Chapter 10 discharge, the Court will not separately address the issue of whether he is entitled to loan repayment based on his first year of service. Bryant's entire claim is combined with his challenge to his other than honorable discharge. The appropriate Army Review Board must first address Bryant's status so that it can determine what amount, if any, Bryant would be due under the LRP.

### C. Tort Claim

Count 3 of Bryant's Complaint alleges a tort claim – it asserts Defendant was negligent and caused him mental suffering.

The Federal Tort Claims Act ("FTCA") is a plaintiff's exclusive remedy for personal or property damage "arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). Under the FTCA, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b).

Such an action shall not be instituted "unless the claimant shall have first

presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).  Presentment of an administrative claim is jurisdictional.  <u>Bellecourt v. United States</u>, 994 F.2d 427, 430 (8th Cir.1993).  The plaintiff has the burden of pleading and proving that he has satisfied the presentment requirement.  <u>Id.</u>  When these remedies have not been exhausted, the Court lacks subject matter jurisdiction, and the complaint must be dismissed.

Verbal reports and writings without a sum certain sent to Government do not satisfy the requirement of the FTCA.  "[A] claimant satisfies the notice requirement of section 2675 if he provides in writing (1) sufficient information for the agency to investigate the claims, and (2) the amount of damages sought." <u>Farmers State Sav. Bank v. Farmers Home Admin., a Div. of the U.S. Dept.</u>, 866 F.2d 276, 277 (8th Cir. 1989) (citations omitted).  "[T]wo prerequisites for administrative investigation are the identity of the claimants, and the nature of the claims."  <u>Id.</u> (citations omitted).  <u>See also</u> 32 C.F.R. § 536.26(a) ("A claim is a writing that contains a sum certain for each claimant and that is signed by each claimant, or by an authorized representative, who must furnish written authority to sign on a claimant's behalf.  The writing must contain enough information to

permit investigation.  The writing must be received not later than two years from the date the claim accrues."); 28 C.F.R. § 14.2(a)  ("For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.").

Bryant has never presented his claim in writing requesting a sum certain to the U.S. Army Claims Service to assert that Defendant was negligent and caused him mental suffering.  (See Ferguson Decl. ¶¶ 1-2.)  Therefore, Bryant has not exhausted his administrative remedies regarding his tort claim and the Court will dismiss without prejudice his tort claim for lack of subject matter jurisdiction.

**D.** **Motion for Default**

Bryant's recent Motion for Default Judgment is denied because Defendant

has timely appeared in and vigorously litigated this matter.

## IV. CONCLUSION

The Court dismisses Bryant's Complaint without prejudice because he has failed to exhaust administrative remedies with regard to his non-tort claims by failing to pursue his claims through the appropriate Army Review Board and with regard to his tort claims by failing to complete the FTCA presentment requirement.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss Plaintiff's Complaint [Docket No. 13] is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff's Motion for Default Judgment [Docket No. 31] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: April 9, 2008                                   s / Michael J. Davis
                                                       Judge Michael J. Davis
                                                       United States District Court